# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | | |
|---|---|---|---|
| STATE OF DELAWARE, | ) | | |
| | ) | | |
| v. | ) | ID No. | 2103014184 |
| | ) | | |
| FREDERICK STEELE, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## <u>ORDER</u>

1.  On this 2nd day of January, 2024, upon consideration of Defendant Frederick Steele's ("Defendant") *pro se* Motion for Sentence Reduction made pursuant to Superior Court Criminal Rule 35(b) (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2.  On October 10, 2022, Defendant pled guilty to Conspiracy in the Second Degree.[2]  On the same day, the Court sentenced him to two years of Level V supervision, followed by one year of Level III supervision.  The Court imposed conditions on Defendant's sentence that require him to receive substance abuse and mental health evaluations and to follow associated treatment recommendations.[3]

3.  By January 30, 2023, Defendant had begun the Level III supervision portion of his sentence.  On April 11, 2023, the Delaware Department of Correction

---

[1] D.I. 38.  Defendant does not specifically cite to Rule 35(b) in the Motion, but he asks the Court to reduce the duration of his sentence.
[2] D.I. 9.
[3] D.I. 10.

("DOC") recommended that Defendant be found in violation of probation. The DOC stated that, during Level III supervision, Defendant had: (1) committed Criminal Mischief, Possession of Burglar's Tools, Burglary in the Third Degree, Conspiracy in the Second Degree, and Criminal Trespass in the Third Degree; (2) tested positive for cocaine; and (3) refused to participate in substance abuse treatment programming.[4]

4. On May 9, 2023, the Court found that Defendant had violated the terms of his probation and sentenced him to two years of Level V supervision, suspended after nine months for one year of Level III supervision.[5]

5. On June 19, 2023, Defendant filed a motion for sentence reduction. There, Defendant requested to be held at Level III supervision, rather than Level V supervision, until his mental health evaluation concluded.[6] On August 2, 2023, the Court denied that motion for reasons stated on the record at Defendant's July 30, 2023 sentence review hearing.[7]

---

[4] D.I. 16.
[5] D.I. 26. On June 12, 2023, the Court modified Defendant's sentence to reflect that he should not participate in Treatment Access Center monitoring. D.I. 29.
[6] D.I. 30.
[7] D.I. 37.

6.  On September 11, 2023, Defendant filed the instant Motion, in which he asks this Court to reduce the Level V portion of his sentence and to order him to continue to participate in the Assertive Community Treatment program.[8]

7.  Rule 35(b) provides that the Court can "reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[9]  The Court only has discretion to waive the ninety-day deadline when the defendant shows "extraordinary circumstances."[10]  Regardless, the Court does not consider "repetitive requests for reduction of sentence."[11]

8.  Defendant's Motion is procedurally barred as untimely.  Defendant filed the Motion more than ninety days after May 9, 2023, when the Court sentenced him for violating the terms of his probation.  After reviewing the Motion, sentence, and record in this case, the Court finds no extraordinary circumstances that would justify waiving the ninety-day filing deadline.

---

[8] D.I. 38.  In support of the Motion, Defendant cites to *State v. Phillips*, 2002 WL 524281 (Del. Super. Mar. 4, 2002), and *Webb v. State*, 2002 WL 31681587 (Del. July 25, 2002).  These cases provide no discernible legal foundation for his request for sentence reduction.

[9] Rule 35(b) also authorizes this Court to "reduce the . . . conditions of partial confinement or probation, at any time."

[10] *State v. Lee*, 2022 WL 17038153, at *1 (Del. Super. Nov. 15, 2022).

[11] Super. Ct. Crim. R. 35(b).  Hence, a repetitive Rule 35(b) motion for sentence reduction is "procedurally barred from consideration."  *State v. Smith*, 2023 WL 4675502, at *1 (Del. Super. July 20, 2023).

9. Further, the Motion is procedurally barred as repetitive. Defendant previously filed his first motion to reduce this sentence on June 19, 2023, which this Court denied on August 2, 2023. Hence, Defendant's Motion is **DENIED.**

    **IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:    Frederick Steele (SBI #00249097)